FILED
United States Court of Appeals
Tenth Circuit

August 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANJUR ALAM,

Defendant - Appellant.

No. 14-3169
(D. Kansas)
(D.C. No. 6:13-CR-10057-MLB-1)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **TYMKOVICH**, and **BALDOCK**, Circuit Judges.

Defendant Manjur Alam pleaded guilty in the United States District Court for the

District of Kansas to one count of conspiracy to commit wire fraud for his involvement in

a mortgage-fraud scheme. *See* 18 U.S.C. §§ 1343, 1349. Defendant appeals, challenging

his sentence as procedurally and substantively unreasonable. He argues that the court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

erred in calculating the loss amount and abused its discretion in varying upward from the guidelines sentencing range. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.     BACKGROUND

Defendant was convicted in 2006 of conspiracy to defraud the United States Department of Housing and Urban Development. He was sentenced to 12 months' probation. While on probation he implemented a new scheme to defraud mortgage-lending institutions. Between 2006 and April 2008 he recruited and organized unqualified buyers to submit home-loan applications that included false representations. He submitted supporting documentation for the applicants that included false verifications of rent and false letters of credit. The buyers defaulted on the loans and the lenders eventually sold the properties for less than the original loan amounts.

Defendant was indicted and pleaded guilty to a superseding indictment. At sentencing in July 2014, the district court calculated a loss of $485,192.70, which resulted in a total offense level of 22. When combined with a criminal-history category of II, the advisory guidelines range was 46 to 57 months. The court varied upward to 72 months' imprisonment based on factors set forth in 18 U.S.C. § 3553(a).

## II.     DISCUSSION

"We review sentences under an abuse of discretion standard for procedural and substantive reasonableness." *United States v. Washington*, 634 F.3d 1180, 1184 (10th Cir. 2011). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." *United States v. Alapizco-Valenzuela*, 546 F.3d

1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 1215 (internal quotation marks omitted).

## A. Loss Calculation

Under the guidelines the base offense level applicable to a crime involving fraud depends on the amount of loss. *See* USSG § 2B1.1(b)(1) (2013). Loss "is the greater of actual loss or intended loss," and actual loss is "the reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* § 2B1.1 cmt. n.3(A). "In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral" is deducted from loss. *Id.* cmt. n.(3)(E)(ii). "Where a lender has foreclosed and sold the collateral, the net loss should be determined by subtracting the sales price from the outstanding balance on the loan." *Washington*, 634 at 1184. "[F]actual findings regarding loss calculations are reviewed for clear error and loss calculation methodology de novo." *Id.*

The district court followed the methodology approved in *Washington* by deducting the sales price from the outstanding balance on the loan. Nonetheless, Defendant argues that the district court should have used the price paid by the lending institution at an auction required under state foreclosure law, not the price the property sold for following the auction. But his argument is contrary to *Washington*, where the sales price used was the amount recovered in sales on the open market following the lenders' acquisition of the properties at auction. *See id.* at 1183.

3

Defendant also argues that the district court should have used the fair market value of the properties rather than the sales price. But fair market value independent of the sales price is to be considered only when the property has not been sold by the time of sentencing. *See* USSG § 2B1.1 cmt. n.3(E)(ii). He further argues that the court should have considered the manner in which the lending institution managed and sold the property, which may have decreased the amount recovered. But Defendant does not identify any impropriety—any unreasonable action—in the open-market sales by the lenders, nor does he suggest that any lender held a property as an investment after foreclosure.

## B. Upward Variance

Much of Defendant's criticism of the variance repeats his complaints about the loss calculation, which we need not revisit. To the extent that he also raises a challenge to the substantive reasonableness of the sentence, we review the district court's application of the § 3553(a) factors for abuse of discretion. *See Alapizco-Valenzuela*, 546 F.3d at 1216. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

Defendant argues that the facts relied on by the district court impermissibly "duplicate points already added to the base guideline level." Aplt. Br. at 23. But "district courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory

4

Guidelines range." *Alapizco-Valenzuela*, 546 F.3d at 1222. The district court considered the seriousness and scope of the offense. It emphasized that Defendant committed the offense while on probation from a conviction for "essentially the same conduct," R., Vol. 3 at 228, and concluded that "there is very little evidence that he respects the law," *id.* at 229. It also considered that his "crimes required thorough planning, deliberate dishonesty and the recruitment of others," and were "not merely incidental 'mistakes' in an otherwise lawful life." *Id.* The court did not abuse its discretion in varying upward.

Finally, Defendant points out that his codefendants received only probation. "Disparate sentences, however, are permissible when the disparity is explicable by the facts of the particular case." *Alapizco-Valenzuela*, 546 F.3d at 1223. The district court said that the disparity was "hardly unwarranted given the nature of the case, [D]efendant's involvement and the other factors . . . covered." R., Vol. 3 at 230. Defendant has not challenged this statement with any description of the roles of the codefendants who were sentenced less severely.

## II.	CONCLUSION

We AFFIRM Defendant's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5